UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

PATRESE MAGWOOD,
PERRY BRADLEY,                                                    **COMPLAINT**
EUGENE JOHNSON,
JASMINE BRADLEY, and                                          JURY TRIAL
LAWRENCE BRADLEY,                                             DEMANDED

                                          Plaintiffs,

             -against-


THE CITY OF NEW YORK,
P.O. RANDY HENRIQUEZ (TAX 952842 ), and
SERGEANT WILLIE BRIGGS (TAX 933555),

                                          Defendants.

-------------------------------------------------------------------------X

        Plaintiffs, PERRY BRADLEY, EUGENE JOHNSON, JASMINE BRADLEY,

PATRESE MAGWOOD and LAWRENCE BRADLEY, by and through their attorneys, **THE**

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint,

respectfully allege, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees
   pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said
   rights are secured by said statutes and the Constitution of the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth
   and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs are and have been, at all relevant times, residents of the City and State of New York.

7. At all relevant times hereinafter mentioned, PLAINTIFFS PERRY BRADLEY, EUGENE JOHNSON, JASMINE BRADLEY, PATRESE MAGWOOD, and LAWRENCE BRADLEY, were residents of the County of the Bronx, City and State of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

10. At all times hereinafter mentioned, P.O. RANDY HENRIQUEZ (TAX 952842 ), was a duly sworn employee of said department and was acting under the supervision of said department and according to his official duties.  Defendant Henriquez is sued herein in his official and individual capacities.

2

11. At all times hereinafter mentioned, SERGEANT WILLIE BRIGGS (TAX 933555), was a duly sworn employee of said department and was acting under the supervision of said department and according to his official duties.  Defendant Briggs is sued herein in his official and individual capacities.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

15. On June 8, 2015, at approximately 10:15 p.m., Plaintiffs, PERRY BRADLEY, EUGENE JOHNSON, JASMINE BRADLEY, PATRESE MAGWOOD, and LAWRENCE BRADLEY, were lawfully present near 257 Alexander Ave, Bronx, NY 10454.

16. At this time, Plaintiff, Patrese Magwood was attempting to file a police report with defendants Henriquez, Briggs, and other members of the 40th NYPD Precinct.

17. The Defendants would not take Plaintiff Patrese Magwood's police report, and instead arrested and assaulted each of the Plaintiffs.

18. Plaintiff PATRESE MAGWOOD was not engaged in any unlawful or suspicious activity, but she was nonetheless placed in handcuffs, formally arrested, and taken to the stationhouse of a local area precinct where she was held for several hours before she was transferred to

Bronx County Central Booking where she was held for several additional hours.

19. Plaintiff PATRESE MAGWOOD was eventually arraigned on a criminal complaint containing false allegations by Defendants Henriquez and Briggs before she was released and given a future court date.

20. Plaintiff PATRESE MAGWOOD was forced to make additional appearances in court before her charges were dismissed when she acceded to an adjournment in contemplation of dismissal.

21. Plaintiff JASMINE BRADLEY was not engaged in any unlawful or suspicious activity, but she was nonetheless placed in handcuffs, formally arrested, and taken to the stationhouse of a local area precinct where she was held for several hours before she was transferred to Bronx County Central Booking where she was held for several additional hours.

22. Plaintiff JASMINE BRADLEY was eventually arraigned on a criminal complaint containing false allegations by Defendants Henriquez and Briggs before she was released and given a future court date.

23. Plaintiff JASMNE BRADLEY was forced to make additional appearances in court before her charges were dismissed when she acceded to an adjournment in contemplation of dismissal.

24. Plaintiff PERRY BRADLEY was not was not engaged in any unlawful or suspicious activity, but he was nonetheless cuffed excessively tightly, punched while cuffed and held by Defendants Henriquez and Briggs, broke glasses, jabbed in his ribs with nightstick, pushed to ground, and kicked on his back, body, and arms.

25. Plaintiff PERRY BRADLEY was also placed in handcuffs, formally arrested, and taken to the stationhouse of a local area precinct where he was held for several hours before he was transferred to Bronx County Central Booking where he was held for several additional hours

4

26. Plaintiff PERRY BRADLEY was eventually arraigned on a criminal complaint containing false allegations by Defendant Henriquez before he was released and given a future court date.

27. Plaintiff PERRY BRADLEY was forced to make additional appearances in court before his charges were dismissed when he acceded to an adjournment in contemplation of dismissal.

28. Plaintiff LAWRENCE BRADLEY is Plaintiff PERRY BRADLEY's father.

29. Plaintiff LAWRENCE BRADLEY heard PERRY BRADLEY screaming and asked the Defendants why they were assaulting his son.

30. In response, Plaintiff Lawrence Bradley was pushed against a fence and onto the ground, kicked on his back and body, hit on his head with a baton, handcuffed and detained.

31. Plaintiff EUGENE JOHNSON was not was not engaged in any unlawful or suspicious activity, but he was nonetheless punched by Defendants Henriquez and Briggs, jabbed in his ribs with nightstick, pushed to ground, and kicked on his back, body, and arms.

32. Plaintiff EUGENE JOHNSON was also placed in handcuffs, formally arrested, and taken to the stationhouse of a local area precinct where he was held for several hours before he was transferred to Bronx County Central Booking where he was held for several additional hours

33. Plaintiff EUGENE JOHNSON was eventually arraigned on a criminal complaint containing false allegations by Defendants Henriquez and Briggs before he was released and given a future court date.

34. Plaintiff EUGENE JOHNSON was forced to make additional appearances in court before his charges were dismissed when he acceded to an adjournment in contemplation of dismissal.

35. At no time on June 8, 2013 did the Plaintiffs commit any crime or violation of law.

36. At no time on June 8, 2013 did defendants possess probable cause to arrest the Plaintiffs.

5

37. At no time on June 8, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiffs.

38. Nevertheless, defendants arrested each of the Plaintiffs.

39. At no time was there justification for the use of any force against any of the Plaintiffs, much less the force actually employed.

40. Defendants forwarded knowingly false and misleading information to prosecutors at the Bronx County District Attorney's Office.

41. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of Plaintiffs' arrest, and failed to correct knowingly false statements and documents forwarded to the District Attorney's office.

42. As a direct result of Defendants' actions Plaintiff was required to make numerous court appearances.

43. Despite Defendants' actions, the charges against Plaintiffs were dismissed in their entirety.

44. As a result of the foregoing, Plaintiffs sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

45. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

46. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as members of the NYPD with all the actual and/or apparent authority

6

attendant thereto.

48. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as members of the NYPD, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

50. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51. As a result of the Defendants' conduct, Plaintiffs were subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

52. As a result of the foregoing, Plaintiffs' liberty was restricted, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

53. Plaintiffs, PERRY BRADLEY, LAWRENCE BRADLEY AND EUGENE JOHNSON, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

54. The force employed by the individually named Defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

55. As a result of the foregoing, Plaintiffs, PERRY BRADLEY, LAWRENCE BRADLEY AND EUGENE JOHNSON, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

**THIRD CLAIM FOR RELIEF**
**FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

56. Plaintiffs, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

57. Defendants arrested, searched, and incarcerated Plaintiffs, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiffs' liberty, well-being, safety, and violate their constitutional rights.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

60. Those customs, policies, patterns, and practices include, but are not limited to:

    i.    requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.    requiring precincts to record a predetermined number of arrests and/or issue

8

       a predetermined number of summonses within a predetermined time frame;

    iii.   failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.   failing to properly train police officers in the requirements of the United States Constitution.

61. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.   arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii.   falsifying evidence and testimony to support those arrests;

    iv.   falsifying evidence and testimony to cover up police misconduct.

62. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs.

63. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiffs were placed

under arrest unlawfully.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

67. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

68. All of the foregoing acts by defendants deprived Plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiffs respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       May 12, 2016

                              Respectfully submitted,

                              **LAW OFFICES OF MICHAEL S.
                              LAMONSOFF, PLLC**
                              *Counsel for the Plaintiffs*


                                    /S
                       By:    JESSICA MASSIMI (JM-2920)
                              32 Old Slip, 8th Floor
                              New York, New York 10005
                              (212) 962-1020